UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*                          **Criminal No. 87-80933**
                                           Hon. GERALD E. ROSEN

vs.

LARRY MARLOWE CHAMBERS,

    *Defendant*.

---

**GOVERNMENT'S RESPONSE AND BRIEF IN OPPOSITION TO
DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582**

      Now comes the United States of America, by and through its attorneys, Terrence Berg, Acting United States Attorney for the Eastern District of Michigan and Daniel R. Hurley, Assistant United States Attorney, and for its response and brief in opposition to defendant's motion states as follows:

      1.      Defendant was convicted of both drug conspiracy and Continuing Criminal Enterprise charges. The Sixth Circuit vacated the drug conspiracy charge, and defendant was then sentenced on the CCE charge. *United States v. Chambers*, 16 F.3d 1221, 1994 WL 12649 (6th Cir. 1994) (see attachment 1). The applicable guideline range was determined based upon the offense level applicable to the CCE offense, and was not increased based upon a particular quantity of crack cocaine. When this offense level, in combination with defendant's criminal

history category, produced a guideline sentence of 28 years, this court determined that such a sentence was inadequate. *Chambers*, 1994 WL 12649 at * 1-3. Instead, the court departed upwards and sentenced defendant to life imprisonment. Among the reasons justifying such a sentence was defendant's extensive and unrelenting criminal history, his having used minors in the drug conspiracy, and the unprecedented volume of crack handled by the Chambers' brothers drug organization. (*Id*.). That upward departure was upheld by the Sixth Circuit on January 19, 1994. (*Id*.).

      2.      Defendant Larry Chambers now petitions the court for a reduction in his sentence, based on the recent amendments to the crack cocaine offense levels. He is ineligible for any reduction, and even if he were eligible, this court should exercise its discretion and deny the motion.

      3.      Defendant seeks relief pursuant to 18 U.S.C. § 3582(c)(2), which allows for a sentence reduction only where the original sentence was based upon a guideline range which has since been reduced by the Sentencing Commission. Here, defendant's guideline range was determined by the CCE offense levels, rather than the crack cocaine offense levels. Therefore, defendant is not eligible under the statute. *United States v. Johnson*, No. 08-3925, (6th Cir. June 30, 2009)(see attachment 2).

      4.      Moreover, defendant is also ineligible because of the quantity of crack cocaine involved in his offense. This court specifically found that defendant was responsible for a drug ring that distributed 3-5 kilograms of crack cocaine per week. *Chambers*, 1994 WL 12649 at *1. This conspiracy lasted for several years, so defendant was found responsible for hundreds of kilos of crack. But the crack cocaine guideline amendments are not available to defendants

2

whose sentences were based upon quantities of crack greater than 4.5 kilos.  USSG § 2D1.1 (reflecting a higher offense level for that quantity of crack cocaine, even after amendment, than the offense level applied at the original sentencing).  Since the guideline amendments have not lowered the offense level for persons who deal in that quantity of crack, defendant is not eligible for relief under Section 3582.

     5.    Even if defendant could show that his life sentence was in some way a function of the crack cocaine offense levels, and even if those levels had been reduced, this court should still exercise its discretion to deny the motion based upon the facts of the case.  *United States v. Johnson*, 564 F.3d 419, 423-429 (6th Cir. 2009).  The applicable guideline provision, USSG §1B1.10 (policy statement) expressly provides that sentencing courts must consider both the seriousness of the offense and the danger posed to the community by a defendant's release, before granting any reduction of sentence.  *Johnson*, 564 F. 3d at 423-24.  Here, the seriousness of the offense was not captured adequately by a 28 year sentence, and instead this court felt compelled to depart upwards to a sentence of life imprisonment.  The factors that impelled that departure are just as true, and just as relevant, today.  Defendant still has a criminal history reflecting true incorrigibility, and the outrageousness of his drug gang's having used juveniles to sell crack is underscored by the fact that no drug gang in the two decades since has used those methods, or sold as much crack.  In light of the imperative to consider the relevant factors under 18 U.S.C. § 3553, it is clear that no sentence reduction is warranted, even if it were permissible.  *Johnson*, 564 F.3d at 423-424.

For all of the foregoing reasons, the United States respectfully requests that this court deny defendant's motion for a reduction of sentence.

Respectfully submitted,

TERRENCE BERG
United States Attorney

*s/ Daniel R. Hurley*

Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9780
Daniel.Hurley@usdoj.gov

Dated: July 1, 2009

4

**CERTIFICATE OF SERVICE**

I hereby certify that on the 1st day of July, 2009, the foregoing **GOVERNMENT'S RESPONSE AND BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582** was served on all parties or their counsel of record through the CM/ECF System if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Larry Marlowe Chambers
Reg. No. 030009-039
FCI Marion
P.O. Box 1000
Marion, IL 62959

*s/ Daniel R. Hurley*
Assistant U.S. Attorney
211 W. Fort Street, Suite 2001
Detroit, Michigan 48226
(313) 226-9780
Daniel.Hurley@usdoj.gov