UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                      Case No. 87-CR-80933-01

v.                                        Hon. Gerald E. Rosen

LARRY MARLOWE CHAMBERS,

       Defendant.

_____/

## ORDER DENYING
## DEFENDANT'S MOTION TO VOID INDICTMENT

        At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on         July 17, 2014        

        PRESENT:  Honorable Gerald E. Rosen
                                Chief Judge, United States District Court

By *pro se* motion filed on August 15, 2013, Defendant Larry Marlowe Chambers seeks to challenge the underlying 1988 indictment in this case, as well as a determination by a Magistrate Judge following a December 29, 1987 preliminary hearing that Defendant should be bound over for further proceedings. In Defendant's view, both the indictment and the Magistrate Judge's ruling should be set aside pursuant to Fed. R. Civ. P. 60(d)(3) as allegedly procured through fraud on the court. As discussed briefly below, the Court readily concludes on a number of grounds that Defendant is not entitled to the relief sought in his motion.

As a threshold matter, Defendant insists that his motion is properly construed as

brought under Rule 60(d)(3), rather than under 28 U.S.C. § 2255, in light of his allegations of fraud on the court.  Yet, it is clear that Defendant seeks to challenge his underlying judgment of conviction — indeed, he contends that the indictment leading to this conviction is void — rather than identifying any purported defect in the proceedings before this Court on one of Defendant's several prior § 2255 motions to vacate his sentence.  Under these circumstances, where a prisoner's Rule 60 motion asserts one or more claims for relief from an underlying judgment of conviction, rather than alleging a "defect in the integrity of the federal habeas proceedings," the motion is properly characterized as an application for habeas corpus relief under § 2254 (for state prisoners) or § 2255 (in the case of a federal prisoner).  *Gonzalez v. Crosby,* 545 U.S. 524, 532, 125 S. Ct. 2641, 2648 (2005); *see also In re Nailor,* 487 F.3d 1018, 1021 (6th Cir. 2007) (holding that *Gonzalez* applies as well to Rule 60 motions brought by federal prisoners); *Thompkins v. Berghuis,* No. 11-1583, 509 F. App'x 517, 519-20 (6th Cir. Jan. 2, 2013) (holding that a claim of fraud on the court was properly viewed as a petition for habeas relief, and not a Rule 60 motion, where the fraud identified by the prisoner "would have been perpetrated against the state [trial] court, not the federal [habeas] court").  Because Defendant has filed several prior § 2255 motions seeking relief from his conviction and sentence, he would be obliged to seek authorization before filing his present motion.  *See In re Chambers,* No. 12-1733, Order at 2-4 (6th Cir. Oct. 31, 2012) (determining that Defendant needed authorization to file a prior § 2255 motion but declining to grant this

authorization).¹  Defendant, however, has made no effort to suggest any reason why he should be granted permission to pursue yet another § 2255 motion challenging his conviction and sentence.

Alternatively, even if the Court were to treat Defendant's motion as governed by the standards of Rule 60 rather than § 2255, Defendant would not be entitled to the relief he is seeking.  Because Defendant is pursuing this relief in his underlying criminal case, and not in the context of a habeas suit commenced under § 2255, his present motion runs afoul of the principle that Rule 60 "is not applicable to criminal proceedings." *United States v. Gibson,* No. 10-5231, 424 F. App'x 461, 464 (6th Cir. May 24, 2011).  In addition, while Defendant suggests that his motion brought under Rule 60(d)(3) is not subject to the time limits governing Rule 60(b) motions — or, indeed, any time limit whatsoever — the Sixth Circuit has recognized that the Rule 60(b) time limits would be "eviscerate[d]" if an otherwise untimely Rule 60(b)(3) motion seeking relief from a judgment on the basis of fraud could simply be recast as challenging a judgment for "fraud on the court" under Rule 60(d)(3).  *Buell v. Anderson,* No. 02-4033, 48 F. App'x 491, 498 (6th Cir. Sept. 24, 2002); *see also Tates v. Beggerly,* 524 U.S. 38, 46, 118 S. Ct. 1862, 1867 (1998).  To avoid this result, relief under Rule 60(d)(3) for fraud on the court is available only in "unusual and exceptional circumstances," and this provision will be invoked only "to prevent a grave miscarriage of justice." *Buell,* 48 F. App'x at 498

---

¹As the Sixth Circuit noted in this 2012 order, Defendant had at that point "filed at least four other § 2255 motions" since 1994.  *Id.* at 2.

(internal quotation marks and citations omitted). The allegations of perjury raised in Defendant's present motion have been deemed insufficient to warrant relief from a judgment under Rule 60(d)(3). *See Buell,* 48 F. App'x at 498.

Ultimately, however, it does not matter whether Defendant's motion should be construed as brought under § 2255, or whether Defendant's appeal to Rule 60 is untimely or otherwise unavailing in this criminal case. Regardless of any of these considerations, the brute fact remains that Defendant raised ***precisely the same challenges*** he is now pursuing in a prior § 2255 motion filed with this Court back in 1992. In that motion, and again in his objections to a Magistrate Judge's report recommending that this motion be denied, Defendant expressly contended (as he does again in his present motion) (i) that an agent of the federal Drug Enforcement Administration, Richard Crock, testified falsely at Defendant's December 29, 1987 preliminary hearing, (*see, e.g.,* Defendant's 1/29/1993 Objections at 6), and (ii) that Detroit Police officer Gerald Biernacki testified falsely before the grand jury that returned the 1988 indictment against Defendant, (*see, e.g., id.* at 8). This Court denied Defendant's 1992 motion to vacate his sentence, (*see* 2/24/1993 Order and Judgment), and the Sixth Circuit affirmed this ruling, *see United States v. Chambers,* No. 93-1011, 16 F.3d 1221, 1994 WL 12649, at *4-*5 (6th Cir. Jan. 19, 1994). Accordingly, Defendant's present attempt to reassert these challenges is defeated by the law-of-the-case doctrine. *See Keith v. Bobby,* 618 F.3d 594, 599 (6th Cir. 2010) (explaining that this doctrine "generally bars the district court from reconsidering those

4

issues that the court of appeals has already explicitly or implicitly resolved"); *see also Mitchell v. Rees,* 651 F.3d 593, 598-99 (6th Cir. 2011) (rejecting a claim of fraud on the court where the petitioner had "several [prior] opportunities" to "attempt[] to remedy the error" of which he complained in that case); *Buell,* 48 F. App'x at 498-99 (finding "no grounds" for a fraud on the court challenge where the petitioner in that case "was not prevented from fully presenting the arguments made here" in the course of prior proceedings on his original federal habeas petition).[2]

For these reasons,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant's August 15, 2013 motion to void preliminary hearing order and indictment (docket #1583) is DENIED.  IT IS FURTHER ORDERED that Defendant's December 5, 2013, January 13, 2014, and June 30, 2014 motions to supplement the record (docket #s 1585, 1586, and 1590) are GRANTED, and that Defendant's July 14, 2014 motion to correct the record (docket #1591) also is GRANTED.  Next, in light of the Court's ruling on Defendant's underlying Rule 60 motion, IT IS FURTHER ORDERED that Defendant's September 25, 2013 motion to compel (docket #1584) is DENIED AS MOOT.

---

[2] The Court also cannot help but note the irony of Defendant's present complaints of fraud on the court, where a § 2255 motion he filed in 1995 — in which he raised the very same claims of perjury advanced back in 1992 and again in his present motion — was accompanied by a number of falsified documents, including (i) a counterfeit letter from the Assistant U.S. Attorney who prosecuted the case against Defendant, purportedly lending support to Defendant's allegations of perjury, and (ii) a doctored "order" of this Court purportedly acknowledging that Defendant "did not recieve [sic] a fair trial."  In light of this history of fabricated submissions, Defendant is in a particularly poor position to accuse others of fraud on the court.

Finally, to the extent that Defendant pursues an appeal from this ruling and it is determined that he must secure a certificate of appealability ("COA") in order to do so, the Court finds that no such COA should issue, as Defendant's present motion raises issues that have been repeatedly advanced in Defendant's prior submissions (and repeatedly addressed and rejected by this Court and the Court of Appeals), and thus fails to make a substantial showing of the denial of a constitutional right.

                                    s/Gerald E. Rosen
                                    Chief Judge, United States District Court

Dated:  July 17, 2014

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 17, 2014, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5135