UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                          Case No. 87-80933

Larry Marlowe Chambers,          Sean F. Cox
                                             United States District Court Judge

    Defendant.

_____/

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE WITHOUT PREJUDICE

On April 24, 2020, Defendant filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1), based in part on the ongoing novel coronavirus pandemic ("COVID-19"). (ECF No. 1615). The Government argues that Defendant has failed to exhaust his administrative remedies or wait the 30 days necessary to comply with 18 U.S.C. § 3582(c)(1)(A). (ECF No. 1619).

18 U.S.C. § 3582(c)(1)(A) allows a criminal defendant to move to modify his term of imprisonment "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" The United States Court of Appeals for the Sixth Circuit recently examined the nature of these requirements for a defendant's motion for compassionate release In *United States v. Alam*, -- F.3d --, 2020 WL 2845694, (6th Cir. June 2, 2020), the Sixth Circuit held that § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement is a mandatory claim-processing rule. *Id.* at *2. If a

1

defendant fails to comply with this rule, and the Government timely objects to his motion on that basis, the Court must enforce the exhaustion requirement and deny the motion without prejudice. *Id*. at *2-3, 5. The Court may not craft an exception to this statutory exhaustion requirement, even for a motion filed because of a legitimate fear of COVID-19. *Id*. at 4-5.

Here, Defendant has provided no indication that he has satisfied § 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement. He does not attempt to show that he has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on [his] behalf." And, although Defendant's motion contains language that attempts to show compliance with the 30-day waiting period, this language appears to be some sort of boilerplate: "Defendant's petition, filed April __ , 2020 meets the requirements of a lapse of 30 days from the receipt by the Warden of defendant's facility." (ECF No. 1615, PageID 1451) (blank date in original). Defendant failed to provide the date that he allegedly submitted his compassionate release request to his warden. Even if he submitted his request on April 1, 2020 (the earliest date that would be consistent with the language in his motion), he would have waited only 24 days before filing this motion. Moreover, the Government represents that it "confirmed that as of May 15, 2020, [Defendant] has not filed a request for compassionate release from the Bureau of Prisons." (ECF No. 1619, PageID 1467).

Because Defendant's motion does not comply with § 18 U.S.C. § 3582(c)(1)(A), the Court will **DENY** his motion for compassionate release **WITHOUT PREJUDICE**. *Alam*, 2020 WL 2845694 at *5. Defendant may file a new motion for compassionate release (1) after he properly submits a compassionate release request with his warden and fully exhausts his administrative

2

rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request.

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: June 4, 2020