UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

    Plaintiff,

v.

Larry Chambers,

    Defendant.

                              /

Case No. 87-80933
Hon. Sean F. Cox

**GOVERNMENT'S RESPONSE TO CHAMBERS'
MOTION FOR SENTENCE REDUCTION**

Defendant Larry Chambers has filed a motion for a resentencing pursuant to Section 404 of the First Step Act of 2018, which made retroactive the portions of the Fair Sentencing Act of 2010 that lowered statutory penalties for certain offenses involving crack cocaine. For the reasons stated below, a reduction in sentence is not warranted.

**I. The Original Sentence**

On October 28, 1988, Chambers was convicted of Conspiracy to Possess with Intent to Distribute Cocaine (Count I), Possession with Intent to Distribute more than 50 grams of Cocaine Base (Count 6), Possession of a Firearm in the Course of a Dangerous Felony (Count 9) and Continuing Criminal Enterprise

(Count 15). Chambers also pled guilty to Tax Evasion (Count 22).

The presentence report indicates that Chambers was responsible for one kilogram of base cocaine and five kilograms of cocaine and determined that the base offense level was 36. Chambers was found to be an organizer and/or leader of criminal activity and the offense level was increased by four (3B1.1(a)) for a total offense level of 40. Chambers was placed in criminal history category VI, and his guidelines range was 360 months to life.

On March 24, 1989, Chambers was sentenced to a term of life on Counts 1, 6, and 15. He was sentenced to a consecutive five years on Count 9 and two years on Count 12. Chambers appealed to the United States Court of Appeals for the Sixth Circuit. That court vacated the drug conspiracy charge (Count I) and Chambers was subsequently sentenced on the Continuing Criminal Enterprise charge.

On December 9, 1992, the Honorable Gerald E. Rosen resentenced Chambers to a term of life on Count 6 and Count 15, a consecutive five years on Count 9, and a concurrent two years on Count 12.

**II. Application of the First Step Act.**

Congress enacted the Fair Sentencing Act of 2010, which reduced the penalties for specific cocaine related offenses punishable under 21 U.S.C. § 841(b)(1)(A) and (b)(1)(B) by increasing the amount of crack cocaine required to trigger the penalties. Relevant here, Section 2 of the Fair Sentencing Act

increased from fifty grams to 280 grams the quantity of crack cocaine required to trigger the mandatory ten years to life term of imprisonment under § 841(b)(1)(A). A defendant convicted of an offense involving less than 280 grams of crack cocaine, in turn, would now be subject to the less severe five to forty year prison term under § 841(b)(1)(B).

The provisions of the Fair Sentencing Act were not made retroactive by Congress. That changed in 2018 when Congress enacted the First Step Act. Under section 404(b) of the First Step Act, a defendant who committed a "covered offense" may move his sentencing court to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." Nothing in Section 404, however requires a court to reduce the sentence of an eligible defendant. § 404(c). Instead, the choice of whether to grant such relief is left to the district court's sound discretion. The effect of the First Step Act then is to allow-but not require- courts to retroactively apply the Fair Sentencing Act to eligible defendants.

In order for Chambers to be eligible, he must have been convicted of a "covered offense" under § 404(a). A covered offense means a violation of a federal criminal statute, the statutory penalties for which were modified by the Fair Sentencing Act. § 404(a). Under *United States v. Boulding*, 960 F.3d 774; 2020 U.S. App. LEXIS 17224 (6th Cir, June 1, 2020), eligibility turns on the statute of

conviction. Chambers was convicted of possession with intent to distribute 50 grams or more of crack (Count VI). Before the Fair Sentencing Act, an offense like Chambers-which involved 50 grams of crack-was subject to the 10 year statutory minimum sentence. After the Fair Sentencing Act, an offense involving between 28 and 280 grams of crack became subject to a statutory mandatory minimum sentence of five years instead. If the sentence imposed was for a covered offense, the Act provides that a court may impose a reduced sentence if sections 2 and 3 were in effect at the time the covered offense was committed. Thus, a defendant who was sentenced before August 3, 2010, and whose sentencing exposure would be different is entitled to consideration for a reduced sentence. Chambers meets these criteria. But it is important to note that Chambers was not convicted of only one crack cocaine offense. He was also convicted of engaging in a continuing criminal enterprise that distributed both crack and powder cocaine - an offense that is beyond the reach of the First Step Act. Accordingly, the court is without authority to reduce Chambers' sentence for that non-covered conviction. *United States v. Smith*, 2020 U.S. Dist. LEXIS 119789 (July 7, 2020).

### III. A reduced sentence is not warranted

Although Chambers is eligible for resentencing, reduction is not warranted. The First Step Act does not authorize a plenary resentencing proceeding. A sentencing reduction in this matter is authorized under Section 404 of the First Step

Act, and by 18 U.S.C. § 3582(c)(1)(B), which states: "The court may not modify a term of imprisonment once it has been imposed except that . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure." Section 404(b) provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." That statement logically calls for reconsideration of the sentence based on the legal circumstances in effect at the time of the offense, with the only change being substitution of the new provision of the Fair Sentencing Act for those portions of Section 841(b)(1) applied earlier.

Thus, Section 404 of the First Step Act does not contemplate reconsideration of the sentence, or alteration of any sentencing decision other than the application of the portions of Section 841(b)(1) amended by the Fair Sentencing Act of 2010.

In analogous circumstances, in *Dillon v. United States,* 560 U.S. 817 (2010), the Supreme Court confirmed that sentencing reduction proceedings stand "as a narrow exception to the rule of finality." In that case, the Supreme Court held that a reduction of sentence under 18 U.S.C. § 3582(c)(2), based on a guideline amendment declared retroactive by the Sentencing Commission, does not involve a plenary resentencing, nor permit the application of *Booker* to otherwise final sentences, but instead allows only application of the new guideline range as dictated

by the Commission. In the provision addressed in *Dillon*, the statutory language allowed the court to "reduce" a term of imprisonment based on a retroactively applicable amendment. The Supreme Court emphasized that term, and observed, "[i]t is also notable that the provision applies only to a limited class of prisoners— namely, those whose sentence was based on a sentencing range subsequently lowered by the Commission." The Court concluded, "Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding." *Dillon*, 560 U.S. at 825-26. The Court therefore decreed that a sentencing court considering application of a reduced guideline range should not reconsider any other aspect of the sentencing decision, or grant any variance under the *Booker* authority. *Id.* at 831.

Although the First Step Act does not incorporate Section 3582(c)(2), the Court's reasoning in *Dillon* strongly supports construing the First Step Act to authorize a similarly curtailed sentencing proceeding. Section 404(b) of the First Step Act authorizes the court to "impose a *reduced* sentence," using the same term that appears in Section 3582(c)(2); it does not permit "further sentencing" or a "resentenc[ing]." *See Dillon*, 560 U.S. at 825 (quoting 18 U.S.C. § 3742(f)–(g)). Likewise, the First Step Act authorizes the court to impose a reduced sentence "as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time

6

the covered offense was committed." This provision, as well as the absence of any other concerning the substantive scope of the proceeding, indicates that Congress contemplated "only a limited adjustment to an otherwise final sentence." *Id.* at 826. And finally, like Section 3582(c)(2), the First Step Act applies only to a limited set of defendants: those who committed an offense before August 3, 2010, and who stand to benefit from the threshold quantity changes in the Fair Sentencing Act.

Accordingly, Section 404(b), like Section 3582(c)(2), is properly understood not to authorize a plenary resentencing.[2]

A growing number of courts have recognized that in combination the First Step Act and § 3582(c)(1)(B) do not permit plenary resentencing and reconsideration of sentencing factors not affected by the Fair Sentencing Act. *See, e.g., United States v. Crews*, 2019 WL 2248650, at *5 (W.D. Pa. May 24, 2019) ("The First Step Act does not permit the court to consider other statutory or sentencing guideline amendments enacted since the date the defendant committed his or her offense. At the time Crews committed the instant offense, the sentencing guidelines provided that he was a career offender . . . and the First Step Act did not alter that legal conclusion. The court will not, therefore, revisit that issue or consider whether under current law Crews would be considered a career offender."); *United States v. McKinney*, 2019 WL 2053998, *2, 3–4 (D. Kan. May 9, 2019);; *United States v. Rivas*, 2019 WL 1746392, *5 (E.D. Wis. April 18,

2019) ("The First Step Act "authorizes the court to do one thing—recalculate the sentence [on the defendant's drug convictions] as if section 2(a) of the [Fair Sentencing Act] had been in effect when he committed those crimes."); *United States v. Russo*, 2019 WL 1277507, *1 (D. Neb. March 20, 2019) ("[T]he Court cannot conclude that the First Step Act anticipates a full-resentencing with application of laws and Guidelines that have changed since a defendant's original sentencing, other than the retroactive application of the reduced penalties for crack cocaine set out in the Fair Sentencing Act.").

And courts have rejected the argument that "Congress' choice of the verb 'impose'" in the First Step Act signals authorization for plenary resentencing. *United States v. Mason*, 2019 WL 2396568, at *4 (E.D. Wash. June 6, 2019)("Every court that has confronted this argument has rejected it."; citing cases including *McKinney*, 2019 WL 2053998 at*4; *Potts*, 2019 WL 1059837 at *3; and *Rivas*, 2019 WL 1746392 at*8).

In enacting the Fair Sentencing Act in 2010, Congress recognized that many offenses involving crack cocaine were unduly punished in relation to offense involving comparable quantities of powder cocaine, and modified the statutory penalties for crack offenses accordingly. By making the Fair Sentencing Act retroactively applicable, Congress intended to extend that relief to those defendants

sentenced before the Act. Congress clearly did not intend to give these defendants additional benefits unrelated to the purpose of the Fair Sentencing Act-benefits.

### IV. The sentencing factors of § 3553(a) weigh against a reduced sentence

Section 404(c) of the Act makes clear that a sentence reduction is discretionary. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404(c), 132 Stat. 5194, 5222 (2018) ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."). In determining whether to reduce the sentence of a qualifying defendant under the Act, a court should consider the sentencing factors set forth in Section 3553(a). In addition, under *Pepper v. United States*, 562 U.S. 476 (2011), a court may consider post-offense conduct, either positive or negative, in assessing whether to adjust a previously imposed sentence.

In this case, upon considering all of the 3553(a) factors, the sentencing court imposed a sentence of life – a sentence above the guideline minimum. In considering the 3553(a) factors, the nature and circumstances of the offense alone make it clear here that a reduced sentence is not warranted. Chambers operated one of the largest drug trafficking operations in the history of Detroit. He used guns and violence to control the operations. He specifically targeted juveniles to employ them in the drug trafficking trade. And Chambers is a dangerous career criminal. His history includes violent felonies like assault with intent to kill and arson.

Chambers also has a history of absconding and a history of prison discipline, all of which indicate that he is a poor candidate for any type of supervised release.

Accordingly, the government submits that a reduction from the previously imposed sentence is not warranted in this case, and submits that the Court should exercise its discretion to deny Chambers' request for a reduction.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | MATTHEW SCHNEIDER<br>United States Attorney |
| Dated: July 23, 2020 | *s/ Laura L. Moody*<br>Laura L. Moody<br>Assistant United States<br>Attorney 211 Fort Street,<br>Suite 2001<br>Detroit, MI 48226<br>(313) 226-0206<br>laura.moody@usdoj.gov |

**CERTIFICATE OF SERVICE**

I hereby certify that on July 23, 2020, I electronically filed the foregoing document with the United States with the Clerk of the Court of the Eastern District of Michigan using the ECF system, which will send notification of such filing to all counsel of record via electronic mail.

*s/Laura L. Moody*
Assistant United States Attorney