UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                             Criminal Case No. 87-80933

Larry Marlowe Chambers,                 Sean F. Cox
                                                       United States District Court Judge

    Defendant.
_____/

## MEMORANDUM OPINION & ORDER
## REGARDING DEFENDANT'S MOTION TO REDUCE SENTENCE

This criminal case is currently before the Court on Defendant's *pro se* motion seeking a sentence reduction under the First Step Act. The parties have briefed the issues and the Court concludes that Defendant is not eligible for a sentence reduction for his continuous criminal enterprise conviction. But it is undisputed that Defendant *is eligible* for a sentence reduction as to one of his other convictions in this case. In light of the circumstances presented here, and the recent appearance of counsel for Defendant, the Court will schedule a status conference to discuss future proceedings concerning this matter.

### BACKGROUND

In this criminal action, Defendant Larry Marlowe Chambers ("Chambers") was "convicted of conspiracy to distribute controlled substances, possessing cocaine base with intent to distribute, using or carrying a firearm during and in relation to a drug trafficking crime, income tax evasion, and engaging in a continuous criminal enterprise (CCE)." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996).

The presentence report prepared for the district court (the Honorable Richard E.

Suhrheinrich) indicates that Chambers was responsible for one kilogram of base cocaine and five kilograms of cocaine (*see* presentence report at paragraph 18) and determined that the base offense level was 36. (*Id*. at 25). Chambers was found to be an organizer and/or leader of the criminal activity and the offense level was increased by four (§3B1.1a)) for a total offense level of 40. Chambers was placed in criminal history category VI and his guidelines range was 360 months to life.

In March of 1989, Chambers was sentenced by the Honorable Richard E. Suhrheinrich to a term of life in prison and five years of supervised release. Chambers filed a direct appeal.

The United States Court of Appeals for the Sixth Circuit "remanded Chambers's case to the district court for vacation of either the conspiracy or the CCE conviction and for resentencing." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996). Following remand, the action was reassigned[1] to the Honorable Gerald E. Rosen.

"On December 9, 1992, the district court vacated Chambers's conspiracy conviction." *Id*. at *1. Judge Rosen resentenced Chambers to a term of life on Count 6 (Possession with Intent to Distribute In Excess of 50 Grams Of Cocaine Base) and Count 15 (Continuing Criminal Enterprise), a consecutive five years of imprisonment on Count 9 (Possession of a Firearm in the Course of a Dangerous Felony), and a concurrent two years of imprisonment on Count 12. (12/9/92 Amended Judgment).

That "sentence was affirmed on appeal in an unpublished opinion that also denied Chambers's motion to vacate his sentence filed under § 2255." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996) (citing *United States v. Chambers*, Nos. 93-1011, etc., 1994

---

[1] The case was reassigned because Judge Suhrheinrich's service as a district court judge ended in 1990, when he became a Sixth Circuit judge.

WL 12649 (6th Cir. Jan 19, 1994)).

Chambers then filed a motion seeking to reduce his sentence. Following a hearing at which Chambers was represented by appointed counsel, Judge Rosen denied Chambers's motion. Chambers's appealed and the Sixth Circuit affirmed the district court's ruling that Chambers was ineligible for a sentence reduction under § 3582(c)(2) based upon Amendment 706, stating:

> Upon review, we conclude that the district court properly denied Chambers's motion to reduce his sentence because he was not eligible for a sentence reduction under § 3582(c)(2). Although Chambers was convicted of an offense involving cocaine base, the record indicates that his sentence was derived from his continuing criminal enterprise conviction and its corresponding sentencing guideline, rather than the quantity of cocaine based involved in his offense Consequently, Amendment 706 does not apply to Chambers's base offense level computation, sentencing guidelines range, or ultimate sentence, *see Johnson*, 569 F.3d at 625, and he was not eligible for a sentence reduction under § 3582(c)(2). *See* USSG § 1B1.10(a)(2).

(*See* ECF No. 1542).

On May 14, 2019, Chambers filed a *pro se* "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act." (ECF No. 1614).[2] The Government filed a brief in opposition to this motion.

On April 24, 2020, Chambers filed a *pro se* motion for compassionate release. (ECF No. 1615). The Government filed a brief in opposition to this motion.

On June 4, 2020, this Court issued an Order denying Chambers's motion for compassionate release without prejudice, because Chambers had not shown that he had exhausted his administrative remedies. (ECF No. 1621). This Court ruled that Chambers "may

---

[2]The next day, Chambers's criminal case was reassigned from Judge Rosen (who retired) to the undersigned.

file a new motion for compassionate release (1) after he properly submits a compassionate release request with his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request." (*Id*. at 2-3).

On August 28, 2020, Chambers filed another *pro se* "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act." (ECF No. 1629). Because this motion is duplicative of Chambers's May 14, 2019 motion, this Court did not order the Government to file a response to this motion.

Chambers has not filed a renewed motion for compassionate release after this Court's June 4, 2020 Order.

Accordingly, only Chambers's First Step Motion (filed as ECF Nos. 1614 & 1629) remains pending before this Court.

## ANALYSIS

Under the statutory regime in place when Chambers was sentenced, crack cocaine offenses were treated more harshly than powder cocaine offenses. In 2010, Congress addressed this sentencing disparity by enacting the Fair Sentencing Act of 2010. "The provisions of the Fair Sentencing Act, however, were not made retroactive by Congress," so Chambers's sentence remained the same." *United States v. Foreman*, 958 F.3d 506, 509 (6th Cir. 2020).

"That changed in 2018 when Congress enacted the First Step Act. Pub L. No. 115-391, 132 Stat. 5194. Under Section 404(b) of the First Step Act, a defendant who committed a 'covered offense' may move his sentencing court to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.'" *Foreman*, 958 F.3d at 509. "A 'covered offense,' in turn, is defined as a 'violation

of Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . [and] that was committed before August 3, 2010.': First Step Act § 404(a)." *Id.* "Nothing in section 404, however, 'require[s] a court to reduce' the sentence of an eligible defendant. *Id.* § 404(c). The effect fo the First Step Act, then, is to allow – but not require – district courts to retroactively apply the Fair Sentencing Act to eligible defendants." *Id*.

In other words, "the choice of whether to grant such relief" to an eligible defendant is left to the district court's "sound discretion." *Id.*

  Here, Chambers has moved to reduce his sentence under the First Step Act because he was convicted of a "covered offense." Chambers is correct that his possession-with-intent conviction is a covered offense under the First Step Act. As such, this Court has the discretion to reduce Chambers's sentence on his possession-with-intent conviction.

  Notably, however, Chambers was also convicted of engaging in a continuing criminal enterprise. This Court has already analyzed the issue of whether engaging in a continuing criminal enterprise is a covered offense under the First Step Act and ruled that it *is not* a covered offense under the First Step Act. *See United States v. Smith*, Criminal Case No. 04-80857, 2020 WL 3790370 at * 5-13 (E.D. Mich. July 7, 2020). Thus, this Court concludes that Chambers's life sentence on his continuing criminal enterprise conviction cannot be modified. That conviction is beyond the reach of the First Step Act.

  But it is undisputed that Chambers is eligible for a sentence reduction as to his possession-with-intent conviction (Count VI). (*See* Govt.'s Br.).

  The Sixth has ruled that a defendant who is eligible for relief under the First Step Act is not entitled to a "plenary resentencing" or a "de novo resentencing hearing." *Foreman, supra,* at

510; *United States v. Boulding*, 960 F.3d 774, 782-83 (6th Cir. 2020). But district courts may consider post-sentencing conduct and "are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d 774, 782-83 (6th Cir. 2020). In *Boulding*, the Sixth Circuit explained:

> While a district court has discretion to consider all relevant factors and has wide latitude to provide the process it deems appropriate, the language of § 404 and our cases that interpret it, stand for the proposition that the necessary review – at a minimum – includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors. In light of this authority, we hold that an opportunity to present objections, subject to reasonableness review on appeal, is part and parcel of the process due to an eligible defendant. Whether such an opportunity takes the form of a written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion.

*Id.* at 783-84. Moreover, a district court "must provide a reasoned explanation . . . sufficiently thorough to permit meaningful appellate review.'" *United States v. Boyd*, __ F. App'x __, 2020 WL 6747454 at * (6th Cir. Nov. 17, 2020) (citation omitted). "Crucially, though," the Sixth has also stated that:

> "[t]he appropriateness of brevity or length, conciseness or detail, when to write, what to say, depends upon circumstances[.]" *United States v. Lakento Smith*, 958 F.3d 494, 500 (6th Cir. 2020) (first alteration in original) (quoting *Chavez-Meza v. United States*, __ U.S. __, 138 S.Ct. 1959, 1964, 201 L.Ed.2d 359 (2018). And what is true for all sentencing applies with "extra force in First Step Act cases," namely, that "a district court need not 'engage in a ritualistic incantation' of every § 3553(a) factor or 'make specific findings related to each of the factors." *United States v. Barber*, 966 F.3d 435, 438 (6th Cir. 2020) (quoting *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007)); *see also Ware*, 964 F.3d at 487.

*Boyd, supra.*

In light of the Court's conclusion that Chambers is eligible for is eligible for a sentence reduction as to his possession-with-intent conviction, the fact that the undersigned was not the district court judge that previously sentenced Chambers, the Court's obligations set forth above, and the Government's opposition to a reduction for Chambers, the Court concludes that it would

be beneficial for Chambers to have the assistance of counsel before this Court considers whether a reduction is appropriate.

Moreover, attorney Benton Martin, with the Federal Community Defender, very recently entered an appearance in this case. As such, the Court will schedule a status conference with counsel to discuss future proceedings concerning the pending motion.

## CONCLUSION & ORDER

As explained above, to the extent that Chambers's Motion to Reduce Sentence seeks a sentence reduction for his continuous criminal enterprise conviction, that portion of the motion is **DENIED** because the Court concludes that conviction is beyond the reach of the First Step Act.

Because it is undisputed that Chambers is eligible for sentence reduction concerning another conviction, and given the circumstances presented and defense counsel's recent appearance, the Court **ORDERS** that the parties shall appear for a Status Conference in this matter, to be held via Zoom, on **January 27, 2021 at 2:00 p.m.**

**IT IS SO ORDERED**.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: January 8, 2021