UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,          CR. NO.  87-80933

     v.

                                    HON. SEAN F. COX

LARRY CHAMBERS,

                    Defendant.

_____/

## MOTION TO RECONSIDER LIMITATION
## ON RESENTENCING UNDER SECTION 404 THE FIRST STEP ACT

Larry Chambers asks this Court to reconsider the limitations it set forth in its January 8, 2021 order in regard to his resentencing under Section 404 of the First Step Act. He files a brief in support and further states:

1.      On May 14, 2019, Chambers filed a pro se motion for imposition of a reduced sentence under Section 404 of the First Step Act. (R. 1614, Pro Se Mot.) In response, the government conceded that he is eligible for resentencing on Count 6, for possession with intent to distribute 50 grams or more of crack cocaine. (R. 1627, 404 Resp., PgID 1595.) But the government argued that the Court is without authority to reduce Chambers's life sentence on Count 15, for Continuing Criminal Enterprise (CCE) because it is not a covered offense under § 404. (*Id.*)

1

2.     Counsel filed an appearance on January 7, 2021, pursuant to this district's protocol for evaluating eligibility for sentencing reductions under § 404 of the First Step Act. (R. 1631.)

3.     The next day, January 8, 2021, this Court issued an order holding that a CCE conviction is not a covered offense under the First Step Act for the reasons discussed in *United States v. Smith*, No. 04-80857, 2020 WL 3790370, at *13 (E.D. Mich. July 7, 2020). (R. 1632, Order, Jan. 8, 2021, PgID 1624.) In the same order, however, the Court scheduled a status conference for January 27, 2021, "to discuss future proceedings concerning the pending motion" in light of defense counsel's recent appearance and the fact that the parties do not dispute that Chambers is eligible for a sentence reduction on Count 6. (*Id.* at 1626.)

4.     At the status conference, the Court confirmed that, if Chambers wished to argue for a total sentence less than life imprisonment, then he would need to file a motion to reconsider the Court's January 8, 2021 ruling on the CCE count.

5.     Chambers files this motion to ask this Court to reconsider its ruling that it cannot modify Chambers's sentence on a non-covered offense. Chambers is *not* asking this Court to reconsider whether a CCE conviction is a "covered offense." But since the time this Court decided *Smith*, there have been important developments on the question whether a court has authority to reduce a person's sentence on a *non-covered* offense if that person is eligible for a resentencing on a covered offense.

2

6.    In particular, since *Smith*, one federal circuit court has squarely addressed this question and concluded courts *do* have authority to reduce a sentence on a non-covered offense if the defendant also was sentenced on a covered offense. *United States v. Hudson,* 967 F.3d 605, 610 (7th Cir. 2020). The Sixth Circuit has not addressed this question, but at least one judge has signaled it should adopt the same approach. *United States v. Mitchell*, 832 F. App'x 387, 390 (6th Cir. 2020) (Stranch, J., concurring) ("[O]ur sister circuits that have considered it have uniformly found defendants with hybrid convictions eligible for First Step Act relief.").

7.    It appears from prior briefing that this Court was not made aware of these decisions in this case, making reconsideration appropriate.

## CONCLUSION

This Court should reconsider its ruling on its authority to reduce a non-covered offense's sentence when it is part of an aggregate sentence that includes a covered sentence.

Respectfully Submitted,

s/ Benton C. Martin
FEDERAL COMMUNITY DEFENDER
613 Abbott Street, Suite 500
Detroit, Michigan 48226
PHONE:        313-967-5832
E-MAIL:       Benton_Martin@fd.org

Date:  January 28, 2021

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                   Plaintiff,           CR. NO.  87-80933

     v.

                                         HON. SEAN F. COX

LARRY CHAMBERS,

                Defendant.

_____/

**BRIEF IN SUPPORT OF MOTION TO RECONSIDER LIMITATION
ON RESENTENCING UNDER SECTION 404 THE FIRST STEP ACT**

      Larry Chambers is serving two concurrent terms of life imprisonment—one

for engaging in a continuing criminal enterprise (Count 15), and another for

possession with intent to distribute more than 50 grams of cocaine base (Count 6).

He is also serving a consecutive five years for possession of a firearm during the

course of a dangerous felony, and a concurrent two years for tax evasion.

      In May 2019, Chambers filed a pro se motion under Section 404 of the First

Step Act. Section 404(b) permits the "court that imposed a sentence for a covered

offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing

Act of 2010 . . . were in effect at the time the covered offense was committed." *Id.*

1

§ 404(b). Subsection (c) of § 404 expressly sets forth two limitations on a court's authority to reduce a sentence under Section 404(b): (1) the motion cannot be entertained if the defendant's sentence was previously imposed or reduced under the Fair Sentencing Act or if a previous motion under § 404(b) was denied after review on the merits; and (2) the district court retains discretion to deny a reduction. Section 404 says nothing explicit about reducing sentences where a defendant was convicted of both covered and non-covered offenses.

On January 8, 2021, this Court issued an order holding that Chambers's CCE conviction is not a covered offense under the First Step Act for the reasons discussed in *United States v. Smith*, No. 04-80857, 2020 WL 3790370, at *13 (E.D. Mich. July 7, 2020). (R. 1632, Order, Jan. 8, 2021, PgID 1624.) At the same time, the Court also concluded that, because the CCE conviction is a non-covered offense, the Court is without authority to reduce the life sentence on that count. (*Id*.) Chambers challenges only the second part of that analysis in this motion.

It appears that the parties did not alert the Court to relevant authority on the question whether this Court can reduce a sentence for a non-covered offense when a defendant has at least one covered offense, what this Court in *Smith* called the "one qualifies" approach. *See Smith*, 2020 WL 3790370, at *10. Specifically, the only federal circuit court to squarely address this question, the Seventh Circuit, concluded that courts *do* have authority to resentence a defendant on a non-covered offense

2

when the person was also sentenced on a covered offense. *United States v. Hudson,* 967 F.3d 605, 610 (7th Cir. 2020).

The Fourth Circuit has adopted this same reasoning and applied it in the context of multi-object drug conspiracies. *See United States v. Gravatt*, 953 F.3d 258, 264 (4th Cir. 2020). The court holds that the First Step Act allows a court to reduce a sentence "where the offense of conviction is a multi-object conspiracy where the penalties of one object (possession of crack cocaine) were modified by the Fair Sentencing Act, while the penalties of the other (powder cocaine) were not reduced and independently support Gravatt's sentence." *Id.*

In *Hudson*, the court emphasized that "the text of the First Step Act requires no more for a court to consider whether it should exercise its discretion to reduce a single, aggregate sentence that includes covered and non-covered offenses." *Id.* The court explained why this interpretation is compelled by the plain text of § 404:

> Excluding non-covered offenses from the ambit of First Step Act consideration would, in effect, impose an extra-textual limitation on the Act's applicability. In Section 404(c), the Act sets forth two express limitations on its applicability. First, a court cannot consider a defendant's motion if that defendant already reaped the benefits of the Fair Sentencing Act's amendments or received the benefit of a "complete review" of a previous motion to reduce a sentence under the section 404 of the First Step Act. § 404(c). Second, Congress made clear that a court is not "require[d] ... to reduce any sentence" under the Act. *Id.* If Congress intended the Act not to apply when a covered offense is grouped with a non-covered offense, it could have included that language. It did not. And "we decline to expand the limitations crafted by Congress." *Gravatt*, 953 F.3d at 264.

*Hudson*, 967 F.3d at 610–11.

The Seventh Circuit further explained that "a court's consideration of the term of imprisonment for a non-covered offense comports with the manner in which sentences are imposed." *Id.* at 611. "Sentences for covered offenses are not imposed in a vacuum, hermetically sealed off from sentences imposed for non-covered offenses." *Id.* The court thus remanded Hudson's case for the district court to "determine whether his aggregate term of imprisonment—including the sentence on the firearm offense—should be reduced." *Id.*

*Hudson* is the only appellate caselaw directly on point here, and it favors a conclusion that this Court has authority to reduce both Chambers's sentences for his covered and non-covered offenses. Although the Sixth Circuit has not addressed this question, at least one judge has signaled that it should adopt the same approach. *See United States v. Mitchell*, 832 F. App'x 387, 390 (6th Cir. 2020) (Stranch, J., concurring) ("[O]ur sister circuits that have considered it have uniformly found defendants with hybrid convictions eligible for First Step Act relief.").

4

## CONCLUSION

In light of *Hudson*, this Court should reconsider its ruling on its authority to

reduce Chambers's sentence on a non-covered offense.

Respectfully Submitted,

s/ Benton C. Martin
FEDERAL COMMUNITY DEFENDER
Attorney for Larry Chambers
613 Abbott Street, Suite 500
Detroit, Michigan 48226
PHONE:        313-967-5832
E-MAIL:       Benton_Martin@fd.org

Date:  January 28, 2021

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,            CR. NO.  87-80933

      v.

                                    HON. SEAN F. COX

LARRY CHAMBERS,

                Defendant.

_____/

## CERTIFICATE OF SERVICE

Counsel certifies that on the above date, the foregoing paper was filed with the clerk of the Court using the ECF system, which will send notification to opposing counsel.

                              Respectfully Submitted,

                              s/ Benton C. Martin
                              FEDERAL COMMUNITY DEFENDER
                              Attorney for Larry Chambers
                              613 Abbott Street, Suite 500
                              Detroit, Michigan 48226
                              PHONE:      313-967-5832
                              E-MAIL:      Benton_Martin@fd.org

Date:  January 28, 2021

6