UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

      Plaintiff,

v.                                                          Criminal Case No. 87-80933

Larry Marlowe Chambers,                      Sean F. Cox
                                                             United States District Court Judge
      Defendant.
_____/

## OPINION & ORDER

      This criminal case recently came before the Court on Defendant Larry Marlowe

Chambers's *pro se* Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of

The First Step Act.  This Court issued an opinion wherein it ruled that, to the extent that

Chambers's Motion to Reduce Sentence seeks a sentence reduction for his continuous criminal

enterprise conviction, that portion of the motion is denied because the Court concludes that

conviction is beyond the reach of the First Step Act.  But this Court acknowledged that

Chambers is eligible for a sentence reduction concerning another conviction.   Thereafter, on

February 11, 2021, counsel for Chambers filed: 1) a "Motion To Reconsider Limitation On

Resentencing Under Section 404 Of The First Step Act" (ECF No. 1634); and 2) a "Motion To

Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)."  (ECF No. 1635).  These motions have

been fully briefed and the Court concludes that oral argument is not necessary.  For the reasons

set forth below, both motions are DENIED.  But it remains undisputed that Chambers is entitled

to be re-sentenced as to Count 6 and the Court shall hold a Status Conference to discuss that re-

sentencing.

## BACKGROUND

In this criminal action, Defendant Larry Marlowe Chambers ("Chambers") was "convicted of conspiracy to distribute controlled substances, possessing cocaine base with intent to distribute, using or carrying a firearm during and in relation to a drug trafficking crime, income tax evasion, and engaging in a continuous criminal enterprise (CCE)." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996).

The presentence report prepared for the district court (the Honorable Richard F. Suhrheinrich) indicates that Chambers was responsible for one kilogram of base cocaine and five kilograms of cocaine (*see* presentence report at paragraph 18) and determined that the base offense level was 36.  (*Id.* at 25). Chambers was found to be an organizer and/or leader of the criminal activity and the offense level was increased by four (§3B1.1a)) for a total offense level of 40.  Chambers was placed in criminal history category VI and his guidelines range was 360 months to life.

In March of 1989, Chambers was sentenced by the Honorable Richard F. Suhrheinrich to a term of life in prison and five years of supervised release.  Chambers filed a direct appeal.

The United States Court of Appeals for the Sixth Circuit "remanded Chambers's case to the district court for vacation of either the conspiracy or the CCE conviction and for resentencing." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996). Following remand, the action was reassigned[1] to the Honorable Gerald E. Rosen.

"On December 9, 1992, the district court vacated Chambers's conspiracy conviction." *Id*. at *1.  Judge Rosen resentenced Chambers to a term of life on Count 6 (Possession with

---

[1]The case was reassigned because Judge Suhrheinrich's service as a district court judge ended in 1990, when he became a Sixth Circuit judge.

Intent to Distribute In Excess of 50 Grams Of Cocaine Base) and Count 15 (Continuing Criminal

Enterprise), a consecutive five years of imprisonment on Count 9 (Possession of a Firearm in the

Course of a Dangerous Felony), and a concurrent two years of imprisonment on Count 12.

(12/9/92 Amended Judgment).

That "sentence was affirmed on appeal in an unpublished opinion that also denied

Chambers's motion to vacate his sentence filed under § 2255." *United States v. Chambers*, 1996

WL 603663 at * 1 (6th Cir. 1996) (citing *United States v. Chambers*, Nos. 93-1011, etc., 1994

WL 12649 (6th Cir. Jan 19, 1994)).

Chambers then filed a motion seeking to reduce his sentence.  Following a hearing at

which Chambers was represented by appointed counsel, Judge Rosen denied Chambers's

motion.  Chambers's appealed and the Sixth Circuit affirmed the district court's ruling that

Chambers was ineligible for a sentence reduction under § 3582(c)(2) based upon Amendment

706, stating:

> Upon review, we conclude that the district court properly denied Chambers's
> motion to reduce his sentence because he was not eligible for a sentence reduction
> under § 3582(c)(2).  Although Chambers was convicted of an offense involving
> cocaine base, the record indicates that his sentence was derived from his
> continuing criminal enterprise conviction and its corresponding sentencing
> guideline, rather than the quantity of cocaine based involved in his offense
> Consequently, Amendment 706 does not apply to Chambers's base offense level
> computation, sentencing guidelines range, or ultimate sentence, *see Johnson*, 569
> F.3d at 625, and he was not eligible for a sentence reduction under § 3582(c)(2).
> *See* USSG § 1B1.10(a)(2).

(*See* ECF No. 1542).

On May 14, 2019, Chambers filed a *pro se* "Motion For Imposition Of A Reduced

Sentence Pursuant To Section 404 Of The First Step Act." (ECF No. 1614).[2] The Government filed a brief in opposition to this motion.

On April 24, 2020, Chambers filed a *pro se* motion for compassionate release. (ECF No. 1615). The Government filed a brief in opposition to this motion.

On June 4, 2020, this Court issued an Order denying Chambers's motion for compassionate release without prejudice, because Chambers had not shown that he had exhausted his administrative remedies. (ECF No. 1621). This Court ruled that Chambers "may file a new motion for compassionate release (1) after he properly submits a compassionate release request with his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request." (*Id*. at 2-3).

On August 28, 2020, Chambers filed another *pro se* "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act." (ECF No. 1629). Because this motion is duplicative of Chambers's May 14, 2019 motion, this Court did not order the Government to file a response to this motion.

On January 7, 2021, counsel entered an appearance on behalf of Chambers. As of that date, only Chambers's First Step Motion (filed as ECF Nos. 1614 & 1629) was pending before this Court and it had been fully briefed.

On January 8, 2021, this Court issued a Memorandum Opinion (ECF No. 1632) ruling as follows as:

---

[2]The next day, Chambers's criminal case was reassigned from Judge Rosen (who retired) to the undersigned.

As explained above, to the extent that Chambers's Motion to Reduce Sentence seeks a sentence reduction for his continuous criminal enterprise conviction, that portion of the motion is DENIED because the Court concludes that conviction is beyond the reach of the First Step Act.

Because it is undisputed that Chambers is eligible for sentence reduction concerning another conviction, and given the circumstances presented and defense counsel's recent appearance, the Court ORDERS that the parties shall appear for a Status Conference in this matter, to be held via Zoom, on January 27, 2021 at 2:00 p.m.

IT IS SO ORDERED.

(*Id*. at 7).

This Court held a Status Conference on January 27, 2021, at which time counsel for Chambers advised that he planned to file two motions on behalf of Chambers.

Thereafter, on February 11, 2021, counsel for Chambers filed: 1) a "Motion To Reconsider Limitation On Resentencing Under Section 404 Of The First Step Act" (ECF No. 1634); and 2) a "Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)." (ECF No. 1635). These motions have been fully briefed and the Court concludes that oral argument is not necessary.

## ANALYSIS

### I.   Defendant's Motion For Reconsideration

On January 8, 2021, this Court ruled that, "to the extent that Chambers's Motion to Reduce Sentence seeks a sentence reduction for his continuous criminal enterprise conviction, that portion of the motion is DENIED because the Court concludes that conviction is beyond the reach of the First Step Act." (ECF No. 1632 at PageID.1626). In ruling on that issue, this Court relied on its decision in *United States v. Smith*, 2020 WL 3790370 (E.D. Mich. July 7, 2020).

On January 28, 2021, Chambers filed a "Motion To Reconsider Limitation On Resentencing Under Section 404 Of The First Step Act." (ECF No. 1634).

5

Motions for reconsideration are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan, which provides:

> (3) Grounds. Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

*See* Eastern District of Michigan Local Rule 7.1(h)(3).  A motion for reconsideration does not afford a movant an opportunity to present the same issues that have been already ruled on by the court, either expressly or by reasonable implication.

Here, Chambers's Motion for Reconsideration asks this Court to "reconsider its ruling that it cannot modify Chambers's sentence on a non-covered offense."  (Def.'s motion at ¶ 5).  In support of this request, Chambers states that "[S]ince *Smith,* one federal circuit court has squarely addressed this question and concluded courts do have authority to reduce a sentence on a non-covered offense if the defendant also was sentenced on a covered offense.  *United States v. Hudson*, 967 F.3d 605, 610 (7th Cir. 2020).  The Sixth Circuit has not addressed this question, but at least one judge has signaled it should adopt the same approach.  *United States v. Mitchell*, 832 F. App'x 387, 390 (6th Cir. 2020) (Stranch, J., concurring) ("[O]ur sister circuits that have considered it have uniformly found defendants with hybrid convictions eligible for First Step Act relief.")."  (Def.'s motion at ¶ 6).  His motion states that "[i]t appears from prior briefing that this Court was not made aware of these decisions in this case, making reconsideration appropriate."  (*Id*. at ¶ 7).

In response, the Government contends the motion should be denied because Chambers

has not identified any binding precedent in support of reconsideration of this issue.

The Court declines to revisit its ruling on this issue.  Chambers has not identified any binding authority in support of his position on this issue.  Moreover, even if *Hudson* were binding on this Court and gave it the discretion to modify Chambers's sentence on his non-covered offense, this Court would decline to exercise such discretion in this particular case, based upon Chambers's record and a consideration of the § 3553(a) factors, discussed below.

## II.     Defendant's Motion For Compassionate Release

On January 28, 2021, Chambers filed a "Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A).

"The 'compassionate release' provision of 18 U.S.C. § 3582 allows district courts to reduce the sentences of incarcerated persons in 'extraordinary and compelling' circumstances. 18 U.S.C. § 3582(c)(1)(A)."  *United States v. Jones*, 980 F.3d 1098, 1100 (6th Cir. 2020).  "The First Step Act of 2018's provision allowing incarcerated persons to file their own § 3582(c)(1)(A) motions," coupled with the COVID-19 pandemic, has resulted in a "massive upswing in imprisoned persons seeking compassionate release."  *Id.*

But Chambers's motion is not confined to concerns regarding COVID-19.  Rather, Chambers contends that a combination of the following four factors, considered together, constitute extraordinary and compelling circumstances that warrant a sentence reduction for him:

> First, reasonable jurists could (and do) disagree about whether the retroactive  reductions to the crack cocaine laws apply to him. Second, a disparity exists because of all Chambers's codefendants have been released. Third, Chambers's  advanced age places him at grave risk because of the COVID-19 pandemic. Fourth, Chambers has shown substantial rehabilitation

(Def.'s Motion at 2).

Chambers's motion correctly notes that, following the Sixth Circuit's decision in *Elias*, district courts currently[3] have broad discretion to "define 'extraordinary and compelling' on their own initiative." *United States v. Elias*, 984 F.3d 516, 519-520 (6th Cir. 2021)

The United States Court of Appeals for the Sixth Circuit has held that sentence-modification decisions pursuant to § 3582(c)(1)(A) embody a three-step inquiry:

> Before granting a compassionate-release motion, a district court must engage in a "three-step inquiry:" the court must "find" that "extraordinary and compelling reasons warrant [a sentence] reduction," ensure "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and "consider[] all relevant sentencing factors listed in 18 U.S.C. §3553(a)." *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020) (citing 18 U.S.C. §3582(c)(1)(A)). If each of those requirements are met, the district court "may reduce the term of imprisonment," but need not do so. 18 U.S.C.§3582(c)(1)(A).

*Elias, supra.*

At step one, a court must find whether "extraordinary and compelling reasons" warrant a sentence reduction. 18 U.S.C. § 3582(c)(1(A)(I).

"At step two, a court must 'find[]' whether 'such a reduction is consistent with *applicable* policy statements issued by the Sentencing Commission.'" *Jones, supra,* at 1108. (quoting 3582(c)(1)(A)) (emphasis added). But the Sixth Circuit has held "that § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions." *Elias, supra*. That means that, because Defendant's compassionate release motion was filed by an incarcerated

---

[3] "Until the Sentencing Commission updates § 1B.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Jones, supra*, at 1109.

person, this Court "may skip step two of the § 3582(c)(1)(A) inquiry and ha[s] full discretion to define 'extraordinary and compelling' without consulting the policy statement in § 1B1.13." *Jones, supra.*

"At step three, '§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case.'" *Jones, supra,* at 1109.

The Sixth Circuit has explained that, "in *granting* a compassionate-release motion, district courts must address all three steps." *Elias, supra,* at *2 (emphasis added).  It has also clarified that "district courts may *deny* compassionate-release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others." *Id.* (emphasis added).

### A.    Do Extraordinary And Compelling Circumstances Exist?

Again, Chambers contends that a combination of the following four factors, considered together, constitute "extraordinary and compelling circumstances" that warrant a sentence reduction for him:

> First, reasonable jurists could (and do) disagree about whether the retroactive reductions to the crack cocaine laws apply to him. Second, a disparity exists because of all Chambers's codefendants have been released. Third, Chambers's advanced age places him at grave risk because of the COVID-19 pandemic. Fourth, Chambers has shown substantial rehabilitation

(Def.'s Motion at 2)

The Court starts by noting Chambers's concerns regarding COVID-19.  This Court agrees with other courts that have concluded that the COVID-19 pandemic alone does not justify

9

compassionate release.  *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility ..., whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Here, however, Chambers has does more than state a generalized concern about the virus. Chambers is seventy-one years old and his advanced age puts him at increased risk of severe consequences from a potential COVID-19 infection.  In addition, the Government notes that Chambers's medical records reflect that he now has "chronic kidney disease, stage 3 (moderate), which is a CDC risk factor."  (Govt.'s Br. at 7).

The Court concludes that Chambers's age and health, in light of the pandemic, standing alone (ie., without considering the other circumstances he addresses in his motion), constitute extraordinary and compelling circumstances for purposes of his motion seeking compassionate release.

### B.    Does A Consideration Of The § 3553(a) Factors Warrant Release?

Although the Court concludes that Chambers has established that extraordinary and compelling circumstances exist, this Court concludes that consideration of the § 3553(a) factors weighs against granting compassionate release in this particular case.  *See United States v. Ruffin,* 978 F.3d 1000, 1008 (6th Cir. Oct. 26, 2020) ("Even when extraordinary and compelling reasons exist, the statute leaves district courts with discretion to deny relief under a balancing of

the sentencing factors in 18 U.S.C. § 3553(a).").

The nature and circumstances of Defendant's offenses *weigh strongly* against his release. Chambers was a leader of a large-scale criminal organization that operated more than 200 retail "crack houses" in Detroit, Michigan, through several hundred workers. The Chambers organization manufactured crack from powder cocaine and moved the cocaine during the process from a "cook" or "rock" house to a "cut" house and then to a "crack" house. Violence was used within the organization as a means of controlling and intimidating persons both inside and outside of it. Among the employees was an enforcement team known as the "wrecking crew" to administer beatings to punish individuals who were "short" on the money or drugs involved, or who defied the organization. (PSR at 12).

Even compared to others in this violent criminal organization, Chambers was "more overtly violent." (PSR at 14). On one occasion, Chambers beat a man with a chair leg because the man sold a substitute for crack cocaine. The person beaten had polio and Chambers forced other employees of the organization to watch the beating so that they would learn a lesson from it. On another occasion, Chambers forced a man out a third floor window because the man had "crossed" the organization. (*Id.*).

Despite knowingly trafficking highly addictive and dangerous drugs to others in the community, Chambers had the knowledge and discipline to take care of himself and not partake in the poisons he sold. He personally abstained from illegal drugs, and alcohol, and ate a vegetarian diet, which he has continued while incarcerated. (PSR at 24-25; Govt's Ex. 4).

Notably, Chambers had an *extensive criminal history* prior to the offenses at issue in this case, and it includes violence. His criminal convictions began at age eighteen and continued

11

throughout his adult life.  They have included robbery, assault with intent to kill, multiple burglary and grand larceny convictions, theft of government property, escape from lawful confinement, arson, and drug offenses.  As such, Chambers was sentenced as a career offender in this case.

To his credit, Chambers received a Certificate of High School Graduation while incarcerated in Arkansas.  While incarcerated for the offenses in this case, Chambers has taken a number of education courses and has had significant periods of time during which he has remained discipline-free.  More recently, however, Chambers has been disciplined for various issues.  Most recently, on February 5, 2021, Chambers was involved in an assault.  (*See* Govt.'s Ex. 7).

Chambers spent much of his adult life incarcerated and has no verifiable employment history for the intervals during which he was not incarcerated.

The current Risk Assessment on file for Chambers categories him as "medium risk for recidivism."  (Govt.'s E. 8).

In sum, Chambers received a life sentence in this case (imposed by both Judge Suhrheinrich and Judge Rosen) because his criminal conduct warranted that sentence and this Court concludes that it still does. This Court does not believe that releasing Chambers would promote respect for the law, provide just punishment, afford adequate deterrence, or protect the public from further crimes of Chambers.

Defendant Chambers is not an appropriate candidate for the extraordinary remedy of compassionate release.

**III.     Re-Sentencing On Count 6**

In its January 8, 2021 Opinion, this Court noted that it is undisputed that Chambers is eligible for a sentence reduction as to Count VI conviction.  (ECF No. 1632 at 5).

As to that issue, the Government's combined response to Chambers's two motions states as follows:

> If, as the Court's Opinion and Order suggests, the Court were inclined to re-sentence Chambers on the possession count, the parties could brief what the guidelines would be, participate in a hearing if necessary and arrive at a sentence for that count. However, because the continuing criminal enterprise offense drove the sentence here, re-sentencing Chambers on the possession count alone would be a distinction without a difference.
>
> The PSR and the FSA memorandum prepared by the Probation Department in May of 2020 hold Chambers responsible for more than 51 kilograms of crack cocaine and over five kilograms of powder cocaine. See Exhibit 1, First Step Act Memorandum, 2(under seal). The Probation Department did a re-assessment of Chambers's guidelines and found that, even when viewing the case in Chambers's favor, his offense level today would be a 36. Using the PSR's statutory language in ¶18 of the PSR for the quantities –over five kilograms of cocaine and one kilogram of crack cocaine -the base offense level would be 32 with four points added for being a leader/manager. Combined with a criminal history category of VI, Chambers's guidelines would be 324 to 405 months. *Id*. The statutory maximum would remain the same: 10 years to life.

(Govt.'s Br. at 4-5).  The Government states, however, that "Chambers does not seem to be asking for a re-sentencing on the possession count."  (*Id*.).

Chamber's reply brief confirms that he *does* wish to be re-sentenced as to Count 6, stating that even if this Court "does not reduce his life CCE sentence, Chambers still asks for a reduction on Count 6 (possession with intent to distribute 50 grams or more of cocaine) from Life to a sentence at the low end of the guidelines range calculated by probation, 324 months." (ECF No. 1641 at 7).

The Court therefore directs the Government and Chambers's counsel to discuss the issue and then appear before the Court for a Status Conference to discuss Chambers's re-sentencing as

to Count 6.

## CONCLUSION & ORDER

For the reasons set forth above, **IT IS ORDERED** that Defendant's Motion for

Reconsideration and his Motion Compassionate Release are **DENIED.**

**IT IS FURTHER ORDERED** that the counsel for the Government and Chambers's

counsel are **DIRECTED** to meet and confer to discuss Chambers's re-sentencing as to Count 6

and shall **APPEAR** for a Status Conference to discuss that issue on **March 26, 2021 at 11:00**

**a.m.**

**IT IS SO ORDERED.**

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 23, 2021

14