UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

v.                                                                          Criminal Case No. 87-80933

Larry Marlowe Chambers,                               Sean F. Cox
                                                  United States District Court Judge

    Defendant.
_____/

## OPINION GRANTING, IN PART, DEFENDANT'S MOTION FOR SENTENCE REDUCTION

This matter recently came before this Court on Defendant's "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act." Thereafter, this Court ruled that to the extent that motion seeks a sentence reduction for Defendant's continuous criminal enterprise conviction, that portion of the motion is denied because the Court concludes that conviction is beyond the reach of the First Step Act. For the reasons set forth below, however, the Court shall GRANT Defendant's Motion for Sentence Reduction to the extent that this Court rules that Chambers is entitled to be re-sentenced as to Count 6. Having undertaken a renewed consideration of the § 3553 factors, this Court shall reduce Chambers's sentence on Count 6 to 405 months of imprisonment. An appropriate order reflecting that shall be issued forthwith.

## BACKGROUND

In this criminal action, Defendant Larry Marlowe Chambers ("Chambers") was "convicted of conspiracy to distribute controlled substances, possessing cocaine base with intent to distribute, using or carrying a firearm during and in relation to a drug trafficking crime, income tax evasion, and engaging in a continuous criminal enterprise (CCE)." *United States v.*

*Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996).

The presentence report prepared for the district court (the Honorable Richard F. Suhrheinrich) indicates that Chambers was responsible for one kilogram of base cocaine and five kilograms of cocaine (*see* presentence report at paragraph 18) and determined that the base offense level was 36. (*Id*. at 25). Chambers was found to be an organizer and/or leader of the criminal activity and the offense level was increased by four (§3B1.1a)) for a total offense level of 40. Chambers was placed in criminal history category VI and his guidelines range was 360 months to life.

In March of 1989, Chambers was sentenced by the Honorable Richard E. Suhrheinrich to a term of life in prison and five years of supervised release. Chambers filed a direct appeal.

The United States Court of Appeals for the Sixth Circuit "remanded Chambers's case to the district court for vacation of either the conspiracy or the CCE conviction and for resentencing." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996). Following remand, the action was reassigned[1] to the Honorable Gerald E. Rosen.

"On December 9, 1992, the district court vacated Chambers's conspiracy conviction." *Id*. at *1. Judge Rosen resentenced Chambers to a term of life on Count 6 (Possession with Intent to Distribute In Excess of 50 Grams Of Cocaine Base) and Count 15 (Continuing Criminal Enterprise), a consecutive five years of imprisonment on Count 9 (Possession of a Firearm in the Course of a Dangerous Felony), and a concurrent two years of imprisonment on Count 12. (12/9/92 Amended Judgment).

---

[1] The case was reassigned because Judge Suhrheinrich's service as a district court judge ended in 1990, when he became a Sixth Circuit judge.

That "sentence was affirmed on appeal in an unpublished opinion that also denied Chambers's motion to vacate his sentence filed under § 2255." *United States v. Chambers*, 1996 WL 603663 at * 1 (6th Cir. 1996) (citing *United States v. Chambers*, Nos. 93-1011, etc., 1994 WL 12649 (6th Cir. Jan 19, 1994)).

Chambers then filed a motion seeking to reduce his sentence. Following a hearing at which Chambers was represented by appointed counsel, Judge Rosen denied Chambers's motion. Chambers's appealed and the Sixth Circuit affirmed the district court's ruling that Chambers was ineligible for a sentence reduction under § 3582(c)(2) based upon Amendment 706, stating:

> Upon review, we conclude that the district court properly denied Chambers's motion to reduce his sentence because he was not eligible for a sentence reduction under § 3582(c)(2). Although Chambers was convicted of an offense involving cocaine base, the record indicates that his sentence was derived from his continuing criminal enterprise conviction and its corresponding sentencing guideline, rather than the quantity of cocaine based involved in his offense. Consequently, Amendment 706 does not apply to Chambers's base offense level computation, sentencing guidelines range, or ultimate sentence, *see Johnson*, 569 F.3d at 625, and he was not eligible for a sentence reduction under § 3582(c)(2). *See* USSG § 1B1.10(a)(2).

(*See* ECF No. 1542).

On May 14, 2019, Chambers filed a *pro se* "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act." (ECF No. 1614).[2] The Government filed a brief in opposition to this motion.

On April 24, 2020, Chambers filed a *pro se* motion for compassionate release. (ECF No.

---

[2]The next day, Chambers's criminal case was reassigned from Judge Rosen (who retired) to the undersigned.

3

1615). The Government filed a brief in opposition to this motion.

On June 4, 2020, this Court issued an Order denying Chambers's motion for compassionate release without prejudice, because Chambers had not shown that he had exhausted his administrative remedies. (ECF No. 1621). This Court ruled that Chambers "may file a new motion for compassionate release (1) after he properly submits a compassionate release request with his warden and fully exhausts his administrative rights to appeal an adverse decision, or (2) 30 days after his warden receives his compassionate release request." (*Id*. at 2-3).

On August 28, 2020, Chambers filed another *pro se* "Motion For Imposition Of A Reduced Sentence Pursuant To Section 404 Of The First Step Act." (ECF No. 1629). Because this motion is duplicative of Chambers's May 14, 2019 motion, this Court did not order the Government to file a response to this motion.

On January 7, 2021, counsel entered an appearance on behalf of Chambers. As of that date, only Chambers's First Step Motion (filed as ECF Nos. 1614 & 1629) was pending before this Court and it had been fully briefed.

On January 8, 2021, this Court issued a Memorandum Opinion (ECF No. 1632) ruling as follows as:

> As explained above, to the extent that Chambers's Motion to Reduce Sentence seeks a sentence reduction for his continuous criminal enterprise conviction, that portion of the motion is DENIED because the Court concludes that conviction is beyond the reach of the First Step Act.
> Because it is undisputed that Chambers is eligible for sentence reduction concerning another conviction, and given the circumstances presented and defense counsel's recent appearance, the Court ORDERS that the parties shall appear for a Status Conference in this matter, to be held via Zoom, on January 27, 2021 at 2:00 p.m.
> IT IS SO ORDERED.

(*Id*. at 7).

This Court held a Status Conference on January 27, 2021, at which time counsel for Chambers advised that he planned to file two motions on behalf of Chambers.

Thereafter, on February 11, 2021, counsel for Chambers filed: 1) a "Motion To Reconsider Limitation On Resentencing Under Section 404 Of The First Step Act" (ECF No. 1634); and 2) a "Motion To Reduce Sentence Under 18 U.S.C. § 3582(c)(1)(A)." (ECF No. 1635). This Court denied both of those motions in an Opinion and Order issued on February 23, 2021. (ECF No. 1642). The Court declined to revisit its prior ruling that Chambers's sentence for his continuous criminal enterprise conviction is beyond the reach of the First Step Act. In doing so, the Court noted that even if it had discretion to modify Chamber's sentence as to that conviction, it would decline to do so. The Court also denied Chambers's motion to compassionate release, noting that a life sentence was warranted as to Chambers's continuous criminal enterprise conviction and still is, and that Chambers was not entitled to the extraordinary remedy of compassionate release. This Court noted, however, that it is undisputed that Chambers is entitled to be re-sentenced as to Count 6.

Thereafter, counsel for the parties advised the Court that neither party disputes the probation department's calculation of a guidelines range of 324 to 405 months of imprisonment. The parties do disagree as to whether the § 3553 factors favor reducing Chambers's life sentence on Count 6, with the defense seeking a reduction on Count 6 to a sentence within the guidelines and the Government opposing any reduction. Neither party believed that further briefing was necessary, because they had already briefed these issues, and deferred to the Court's discretion as to whether a hearing would be beneficial. (*See* Ex. A).

5

This Court concludes that an additional hearing is not necessary and the Court will set forth its ruling as to Chambers's request for a sentence reduction as to Count 6 in this Opinion and a subsequent order.

## ANALYSIS

Under the statutory regime in place when Chambers was sentenced, crack cocaine offenses were treated more harshly than powder cocaine offenses. In 2010, Congress addressed this sentencing disparity by enacting the Fair Sentencing Act of 2010. "The provisions of the Fair Sentencing Act, however, were not made retroactive by Congress," so Chambers's sentence remained the same." *United States v. Foreman*, 958 F.3d 506, 509 (6th Cir. 2020).

"That changed in 2018 when Congress enacted the First Step Act. Pub L. No. 115-391, 132 Stat. 5194. Under Section 404(b) of the First Step Act, a defendant who committed a 'covered offense' may move his sentencing court to 'impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed.'" *Foreman*, 958 F.3d at 509. "A 'covered offense,' in turn, is defined as a 'violation of Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . [and] that was committed before August 3, 2010.': First Step Act § 404(a)." *Id.* "Nothing in section 404, however, 'require[s] a court to reduce' the sentence of an eligible defendant. *Id.* § 404(c). The effect fo the First Step Act, then, is to allow – but not require – district courts to retroactively apply the Fair Sentencing Act to eligible defendants." *Id.*

In other words, "the choice of whether to grant such relief" to an eligible defendant is left to the district court's "sound discretion." *Id.*

Here, Chambers has moved to reduce his sentence under the First Step Act because he was convicted of a "covered offense." Chambers is correct that his possession-with-intent conviction is a covered offense under the First Step Act.

It is undisputed that Chambers is eligible for a sentence reduction as to his possession-with-intent conviction (Count 6).

The Sixth Circuit has ruled that a defendant who is eligible for relief under the First Step Act is not entitled to a "plenary resentencing" or a "de novo resentencing hearing." *Foreman, supra,* at 510; *United States v. Boulding*, 960 F.3d 774, 782-83 (6th Cir. 2020). But district courts may consider post-sentencing conduct and "are empowered to provide process and to consider resentencing factors as they see fit." *United States v. Boulding*, 960 F.3d at 782-83. In *Boulding*, the Sixth Circuit explained:

> While a district court has discretion to consider all relevant factors and has wide latitude to provide the process it deems appropriate, the language of § 404 and our cases that interpret it, stand for the proposition that the necessary review – at a minimum – includes an accurate calculation of the amended guidelines range at the time of resentencing and thorough renewed consideration of the § 3553(a) factors. In light of this authority, we hold that an opportunity to present objections, subject to reasonableness review on appeal, is part and parcel of the process due to an eligible defendant. Whether such an opportunity takes the form of a written presentation or an oral argument is a case-specific decision within the scope of the district court's discretion.

*Id.* at 783-84.

Moreover, a district court "must provide a reasoned explanation . . . sufficiently thorough to permit meaningful appellate review.'" *United States v. Boyd*, __ F. App'x __, 2020 WL 6747454 at * (6th Cir. Nov. 17, 2020) (citation omitted). "Crucially, though," the Sixth has also stated that:

"[t]he appropriateness of brevity or length, conciseness or detail, when to write,

what to say, depends upon circumstances[.]" *United States v. Lakento Smith*, 958 F.3d 494, 500 (6th Cir. 2020) (first alteration in original) (quoting *Chavez-Meza v. United States*, __ U.S. __, 138 S.Ct. 1959, 1964, 201 L.Ed.2d 359 (2018). And what is true for all sentencing applies with "extra force in First Step Act cases," namely, that "a district court need not 'engage in a ritualistic incantation' of every § 3553(a) factor or 'make specific findings related to each of the factors." *United States v. Barber*, 966 F.3d 435, 438 (6th Cir. 2020) (quoting *United States v. Bolds*, 511 F.3d 568, 580 (6th Cir. 2007)); *see also Ware*, 964 F.3d at 487.

*Boyd, supra.*

Both parties agree with the probation department that the applicable guidelines range for Count 6 is 324 to 405 months of imprisonment. The sentence previously imposed for Count 6 – a life sentence – would represent a substantial upward variance.

Upon examining Chambers's guidelines range, having undertaken a renewed consideration of the § 3553(a) factors, and in light of Chambers's post-sentencing conduct, this Court concludes an upward variance is not warranted. This Court concludes that a sentence of 405 months of imprisonment on Count 6 is sufficient, but not greater than necessary, to comply with the purposes set forth in the sentencing statute.

The nature and circumstances of Defendant's offense (Count 6, Possession with Intent to Distribute In Excess of 50 Grams Of Cocaine Base) are serious and warrant a significant sentence. A lengthy sentence is needed to show the seriousness of the crime, to deter the defendant and others generally, and to protect the public.

Chambers had an extensive criminal history prior to the offenses at issue in this case, and it includes violence. His criminal convictions began at age eighteen and continued throughout his adult life. They have included robbery, assault with intent to kill, multiple burglary and grand larceny convictions, theft of government property, escape from lawful confinement, arson, and drug offenses. As such, Chambers was sentenced as a career offender in this case.

Chambers spent much of his adult life incarcerated and has no verifiable employment history for the intervals during which he was not incarcerated.

Chambers has been in custody since 1987 and is now seventy-one years old. To date, he has served more than thirty-three years. During his incarceration, he has amassed 616 hours of educational and vocational accomplishments and he earned his G.E.D. on June 1, 1991. That behavior is commendable.

While incarcerated for the offenses in this case, Chambers has had significant periods of time during which he has remained discipline-free, including a fifteen-year period without any discipline.

In sum, although a significant sentence is still warranted as to Count 6, this Court concludes that an upward variance to a life sentence on Count 6 is no longer warranted. The Court will sentence Defendant to a term of 405 months of imprisonment on Count 6, a term at the top of the guidelines. That sentence is sufficient, but not greater than necessary, to comply with the purposes set forth in the sentencing statute and recognizes Chambers's efforts at rehabilitation.

## CONCLUSION

For the reasons set forth above, Defendant's Motion for Sentence Reduction is granted, to the extent that this Court rules that Chambers is entitled to be re-sentenced as to Count 6 and this Court shall reduce Chambers's sentence on Count 6 to 405 months of imprisonment. An appropriate order reflecting that shall be issued forthwith. All other aspects of Chambers's sentence remain.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated: April 15, 2021