UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,        CR. NO.  87-80933

v.

                            HON. SEAN F. COX

LARRY CHAMBERS,

        Defendant.

_____/

**OPINION AND ORDER GRANTING
DEFENDANT'S MOTION TO A REDUCTION IN SENTENCE**

Defendant Larry Chambers was convicted of conspiracy to distribute controlled substances, possessing cocaine base with intent to distribute, using or carrying a firearm during and in relation to a drug trafficking crime, income tax evasion, and engaging in a continuous criminal enterprise." *United States v. Chambers*, 1996 WL 603663 at *1 (6th Cir. 1996). Defendant was originally sentenced to life in prison by the Honorable Richard E. Suhrheinrich, and then resentenced in 1992 by the Honorable Gerald E. Rosen to concurrent terms of life on Count 6 (Possession with Intent to Distribute In Excess of 50 Grams Of Cocaine Base) and Count 15 (Continuing Criminal Enterprise), a consecutive five years of imprisonment on Count 9 (Possession of a Firearm in the Course of a Dangerous Felony), and a concurrent two years of imprisonment on Count 12. In 2021, this

1

Court reduced Defendant's life sentence on Count 6 to 405 months. (ECF No. 1651.) Defendant's life sentence on Count 15, Continuing Criminal Enterprise, remains.

Defendant moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A), citing his age and advance dementia. (ECF No. 1659.) The government contested the motion but has not disputed Defendant's medical condition or that extraordinary or compelling reasons exist for the motion. (ECF No. 1664, Resp., 3439.) For the reasons provided below, Defendant's motion will be granted.

The federal compassionate release statute has "three substantive requirements." *United States v. Hampton*, 985 F.3d 530, 532 (6th Cir. 2021). First, the court may reduce a term of imprisonment if it determines "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A). Second, the sentencing factors provided under 18 U.S.C. § 3553(a) must weigh in favor of a sentence reduction. Third, a sentence reduction must be "consistent with applicable policy statements issued by the Sentencing Commission." *Id*.

Defendant is currently suffering from advanced dementia. According to BOP medical professionals, Defendant has advanced Lewy body dementia, extrapyramidal and movement disorder, dysphagia, hypermetropia, and prediabetes. He requires assistance from prison staff for all activities of daily living. The BOP describes Chambers's dementia as "end stage." The Court finds that Defendant's medical condition qualifies as an extraordinary and compelling reason under

§ 3582(c)(1)(A), and that a reduction in sentence is consistent with the policy statement in USSG § 1B1.10.

Several § 3553(a) sentencing factors weigh against release, but the state of Defendant's health convinces the court that early release is warranted. This Court has previously undertaken a review of the § 3553(a) factors in addressing Defendant's prior motion for a sentence reduction, and will not repeat the analysis in its entirety here. *See* ECF No. 1649, Opinion, 1853–54. Defendant's underlying offense was serious and inexcusable. *Id*. His criminal history prior to the instant offense was lengthy and he was sentenced as a career offender. *Id.*

Meanwhile, since his 1987 sentencing, Defendant has served at least 36 years in prison. Before the onset of his cognitive decline, Defendant's BOP record indicated he had more than 600 hours of educational and vocational accomplishments, earned his GED, and had significant periods free of disciplinary issues prior to his cognitive decline. And given the current state of his cognitive function and physical disability, the Court finds that, if released, Defendant is not a high risk of committing future offenses.

The Court takes seriously the Defendant's family's commitment to caring for the Defendant upon release. According to the BOP's Social Work Release Plan Assessment, Defendant's sister, DeLois Chambers of Marianna, Arkansas, indicates she will assume responsibility for her brother's full-time care, obtaining medical

3

coverage, obtaining in-home nursing support, and ensuring his safety and wellbeing. The Release Plan also indicates that Defendant qualifies for Medicaid and Social Security, and identifies specific medical providers that Defendant would visit.

The Court finds Defendant's health status is "extraordinary and compelling," and the Court will grant his motion for compassionate release. Accordingly,

IT IS ORDERED that Defendant's "Motion for a Reduction in Sentence" (ECF No. 1659) is GRANTED, and the Defendant's sentence of imprisonment is reduced to time served, with no term of supervised release to follow; and

IT IS FURTHER ORDERED that this order is stayed for up to thirty days to make appropriate travel arrangements and ensure the Defendant's safe release and transfer to the home of his sister Delois Chambers.

IT IS FURTHER ORDERED that the BOP shall make release arrangements for the release of Defendant with Delois Chambers, with the understanding that Defendant's family will be responsible for his transportation from FMC Devens to Ms. Chambers's home residence. Probation Services has verified Ms. Chambers's home, and the Bureau of Prisons has interviewed Ms. Chambers. Ms. Chambers has agreed to assume responsibility for Defendant's care.

Dated: January 21, 2025                    s/Sean F. Cox
                                           Sean F. Cox
                                           U. S. District Judge